■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, as Subrogee of SCOTT D. HINMAN, Respondent, v CROYLE ENTERPRISES, INC., Doing Business as DAMIAN'S AUTOMOTIVE, Appellant. [848 NYS2d 414]—

Carpinello, J. Appeal from a judgment and order of the Supreme Court (McDermott, J.), entered on December 28, 2006 in Madison County, upon a decision of the court in favor of plaintiff.

In October 2003, plaintiff's insured purchased a used pick-up truck from defendant. Nine days later, the vehicle caught fire while being driven and was totally destroyed. In the interim, no work of any kind had been performed on it. After a nonjury trial in this ensuing subrogation action, Supreme Court ruled in favor of plaintiff finding a breach of the implied warranty of merchantability. Defendant appeals.

Defendant argues that plaintiff could not recover on a breach of warranty claim because it only presented circumstantial evidence of a defect. To support this position, defendant relies exclusively on *Winckel v Atlantic Rentals & Sales* (159 AD2d 124 [1990]), a personal injury case decided largely on a theory of strict products liability. Notably, however, in *Bradley v Earl B. Feiden, Inc.* (8 NY3d 265 [2007]), the Court of Appeals expressly held that a breach of warranty of merchantability claim "may be sustainable solely on circumstantial evidence" (*id.* at 273). Here, testimony at trial established that defendant changed the oil in the truck prior to its delivery to plaintiff's insured. Indeed, an expert for each side agreed that the fire was caused by or "most likely occurred" because of oil leakage in the vicinity of the filter. Although neither expert identified with

specificity the particular defect which caused the oil leak, the testimony as to the general origin of the fire was nonetheless sufficient "to support the claim that the [truck] was not fit for its ordinary purpose" (*id.* at 274) as it caught fire while being used in the customary manner (*see Denny v Ford Motor Co.*, 87 NY2d 248, 258-259 [1995]).

Crew III, J.P., Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment and order is affirmed, with costs.